KIRA M. RUBEL [CALIF. STATE BAR NO. 253970]
ALANNA J. PEARL [CALIF. STATE BAR NO. 256853]
**LAW OFFICES OF KIRA M. RUBEL**
krubel@kmrlawfirm.com
555 West Beech Street, Suite 230
San Diego, California 92101
Telephone: (800) 836-6531

*Attorney for Representative Plaintiff*
*STEVEN WATERBURY*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WATERBURY, on behalf of himself and all others similarly situated, | CASE NO. **'15CV2824 L    RBB** |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 |
| Hi Tech Remodeling, Group, Inc., a California Company; Does 1 – 10; | |
| Defendants. | **<u>Jury Trial Demanded</u>** |

## <u>Introduction</u>

1.      This is a class action against Defendant Hi Tech Remodeling, Group, Inc. ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") with respect to Defendant's illegal, nationwide telemarketing campaign.  Specifically, from September to October, 2015, Plaintiff STEVEN WATERBURY ("Plaintiff") received no less than eight (8) telemarketing calls on his residential telephone from Defendant's agent in its effort to sell him home remodeling

services, despite the fact that Plaintiff's number has been on the National Do-Not-Call registry since 2003.

2.     Plaintiff brings this class action lawsuit for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, including attorneys' fees.

3.     Plaintiff alleges as follows upon personal knowledge as to himself, his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his counsel.

### Parties

4.     Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California who resides in San Diego, California.

5.     Defendant is a home remodeling company which performs tasks such as installing or fixing roofs, bathroom remodeling, kitchen remodeling, room additions and similar home improvement projects.  Plaintiff is informed and believed, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation founded under the laws of the State of California, whose primary corporate office is located at 23679 Calabasas Road Suite 1101Calabasas, California 91302.  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, and within this judicial district. On information and belief, Defendant attempts to sell its services to thousands of residents of California and other states either directly through its website or other methods, or through the telemarketing efforts of its agent – Eco California.

6.     Eco California ["Eco"] is a telemarketing company, form unknown, which made calls on behalf of Defendant during all times relevant to this complaint. Plaintiff is unable to locate the business address of Eco.  Eco operated as Defendant's agent in the illegal telemarketing campaign which resulted in Plaintiff's receipt of multiple calls in violation of §227(c) of the TCPA.

\\

CLASS ACTION COMPLAINT
CASE NO.:_____

7.     The true names and capacities of the Defendants sued herein as DOE 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes and thereon alleges that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

9.     At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for each other's acts and omissions.

## Jurisdiction and Venue

10.     Jurisdiction is proper under 28 U.S.C. § 1331 as the case involves a cause of action for violations of the TCPA, a federal law of the United States, which grants this Court with federal question jurisdiction. The Court has personal jurisdiction over Defendants because they conduct significant business transactions within this District, solicit consumer sales in this District, and committed tortious acts in this District. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more,

exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA").  Therefore, both the elements of federal and CAFA jurisdiction are present.

11.    Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2)  because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  On information and belief, in addition to the calls made to Plaintiff, Defendant has also made the same or similar calls complained of by Plaintiff to others within this judicial district.

## The Telephone Consumer Protection Act of 1991

12.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[1] in response to a growing number of consumer complaints regarding abusive telemarketing practices.

13.    47 U.S.C. §227(c) provides that any person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may bring a private action based on a violation of the TCPA.  Subsection (c) was established to protect telephone subscribers' privacy rights and help them to avoid receiving unwanted telephone solicitations.[2]

14.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "No person or entity shall initiate any telephone solicitation" to " . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

\\

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).

4

15.     47 C.F.R. § 64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards":

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such Request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's

5

request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

16.     47 C.F.R. § 64.1200 (e), provides that §§ 64.1200 (c) and (d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers as well, 'to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*.'

17.     The term "*telephone solicitation*" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services…" at §64.12000(f)(14).

18.     Defendant violated § 64.1200 (c) by initiating telephone solicitations to Plaintiff's phone number, even though that number was registered on the National Do-Not-Call Registry.

19.     Plaintiff also *specifically* requested not to receive calls from Defendant, as set forth in § 64.1200 (d)(3) and requested a copy of Defendant's do-not-call policy, as set forth in § 64.1200 (d)(1).  His requests were denied and ignored.

20.     Defendant and/or its agents made more than one unsolicited telephone call to Plaintiff within a 12-month period without his prior express consent and, in fact, made eight (8) such calls.  Plaintiff never provided any form of consent to receive telephone calls of this nature from Defendant, let alone prior express consent.

21.     Defendant violated § 64.1200 (d) by initiating calls for telemarketing purposes to Plaintiff's phone number without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

22.     Defendant also violated § 64.1200 (d) by spoofing its name which appeared on Plaintiff's caller ID.

## **Factual Allegations**

1      23.    At all relevant times, Plaintiff was a citizen of the State of California.

2    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C.

3    § 153 (39).

4      24.    Defendant, at all times mentioned herein, was an entity that meets the

5    definition of "person," as defined by 47 U.S.C. § 153 (39).

6      25.    Eco is an entity which makes telemarketing calls to telephone numbers

7    for which it has no prior express consent in order to sell home remodeling services.

8      26.    On information and belief, Eco was hired by Defendant to make calls on

9    its behalf and in order to increase its sales to new customers.

10     27.    Plaintiff also alleges on information and belief that Eco might be more

11   than a third party telemarketer for Hi-Tech.  In fact, Plaintiff believes that Eco might

12   be Hi-Tech's *own* telemarketing company, and simply claims it is a referral company

13   for "high quality home remodeling services" in order to better sell Hi-Tech's services.

14     28.    Plaintiff was able to learn, through various conversations with Eco

15   representatives, that Eco makes calls for Defendant and sets up appointments on

16   behalf of Defendant, such that Defendant would then visit the consumer and attempt

17   to sell a home remodeling or upgrade.  Eco always called Plaintiff from the same

18   number – (858) 483-5954 – and called Plaintiff a minimum of eight (8) times.  The

19   substance of these conversations are as follows:

20     29.    Plaintiff received his first telemarketing call from Eco on September 24,

21   2015.  Plaintiff missed this initial call and when he called back, received a busy signal.

22   In fact, Plaintiff called Eco's number on several occasions and, each time, received a

23   busy signal.

24     30.    On October 13 and 20, 2015, Plaintiff answered calls from Eco.

25   Although no one spoke to him on either occasion, he could hear the hum of many

26   voices in the background and believes it sounded like a telemarketing "boiler room."

27   Plaintiff stated loudly, "DO NOT CALL ME AGAIN" before he hung up the phone.

28

During the call on October 20, 2015, he also requested Defendant's do-not-call policy. No one responded.

31.     Plaintiff answered a call from Eco on October 22, 2015 and was able to speak with an Eco representative. The caller stated his name was "James" and that he was calling from "Eco California." He asked for a Mr. or Mrs. Waterbury.  "James" asked Plaintiff if he needed any work done around his house because he represented several quality home remodeling companies.  "James" stated that his manager, David, would call back later to confirm the time of the sales rep's visit to Plaintiff's home. As promised, "David" called Plaintiff that same day and stated that he was calling from *his company*, Hi Tech Remodeling, and gave the company's website (www.high-tech-remodeling-group.com) and its contractor's license (#986591).  Plaintiff told David that he was not interested in receiving a quote for services. A review of Hi-Tech's website reveals the same contractor's license that David gave to Plaintiff.

32.     On October 26, 2015, Mr. Waterbury received two phone calls from Eco, the second of which he answered. This time, Plaintiff spoke with a manager named "Dennette," who asked whether he needed any construction work done.  Dennette stated she worked for Eco and that Eco represented a couple of different companies. Dennette gave Plaintiff an accurate phone number at which to reach her and set up an appointment for a Hi-Tech sales person to come to Plaintiff's home for an inspection.

33.     On October 28, 2015, a salesman, "Dan", from Hi-Tech Remodeling came to Plaintiff's house to inspect the home for possible remodeling jobs.  Plaintiff asked "Dan" for a business card, but he stated he did not have any.  Instead, "Dan" gave Plaintiff a copy of Hi-Tech's contractor's license detail.  A true and correct copy of this document is attached hereto at Exhibit "A".

34.     When Plaintiff inquired who "Eco" was, "Dan" stated that Eco made calls on behalf of Defendant in order to set up appointments for Defendant.

35.     Plaintiff has never had any business relationship with Defendant and is unaware of how Eco could have located his telephone number. Regardless, he has been called many times in violation of the TCPA.

36.     Defendant never obtained Plaintiff's prior express consent to receive telemarketing calls of this nature.  Notwithstanding the fact that Plaintiff did not provide Defendant with his telephone number at any time, Defendant, or its agents, have called Plaintiff on his residential telephone for the purposes of telemarketing, even though Plaintiff's phone number has been on the national do-not-call registry since 2003.

37.     Plaintiff never, during any of these phone calls, gave consent to receive continued telemarketing calls from Defendant.

38.     Defendant made more than one telemarketing call to Plaintiff within a 12-month period, in violation of §227(c).

39.     Defendant has not implemented reasonable practices or procedures to prevent telephone solicitations in violation of the TCPA, pursuant to §227(c).

40.     Defendant provided a spoofed caller ID during its illegal telemarketing calls and failed to identify itself during these calls, all while making continued unsolicited telemarketing calls to Plaintiff, in violation of §64.1200(d).

## Class Action Allegations

41.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

42.     Plaintiff represents, and is a member of, the Class, which is defined as follows:

> *All persons within the United States who received more than one unsolicited telemarketing call in a 12-month period from Defendant Eco on behalf of Hi-Tech Remodeling to his or her residential or wireless telephone, who did not provide prior express consent or prior express written consent, and/or was on the National do-not-call registry, within the four years prior to the filing of the Complaint in this action.*

43.    Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

44.    Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds or thousands.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

45.    Plaintiff and his fellow members of the Class were harmed by the acts of Defendant in, but not limited to, the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members by calling their telephones more than one time in a 12-month period, to telemarket its goods or services and invading the privacy of Plaintiff and the Class members.  Plaintiff and the Class members were damaged as a result.

46.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

47.    The joinder of all Class members is impracticable and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court.  The disposition of the claims in a Class Action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified through Defendant's or its agents' records.

48.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendant and/or its agents made more than one telemarketing call to a Class Member with his or her prior express consent and in violation of the TCPA;

b.   Whether Defendant and/or its agents can meet its burden of showing it obtained prior express written consent to make such calls;

c.   Whether Defendant and/or its agents maintains an internal do-not-call list;

d.   Whether Defendant and/or its agents maintains a do-not-call policy;

e.   Whether Defendant's conduct, or that of its agents, was knowing and/or willful;

f.   Whether Defendant and/or its agents are liable for damages, and the extent of statutory damages for such violation; AND

g.   Whether Defendant and/or its agents should be enjoined from engaging in such conduct in the future.

49.   As a person that received numerous calls in violation of the national do-not-call registry in a 12-month period, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

50.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and Defendant would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

11

51.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

52.     A Class action is the superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for a violation of this statute is minimal.  Management of these claims as a class action is likely to present significantly fewer difficulties than those presented in many individual claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

\\

### First Cause Of Action
### Negligent Violations Of The Telephone Consumer Protection Act
(47 U.S.C. § 227)

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, and specifically, 47 U.S.C. § 227(c), as further defined at C.F.R. § 64.1200(c), (d), and (e).

55.     As a result of Defendant's negligent violations of § 64.1200(c), (d), and (e), Plaintiff and the class is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c).

56.     Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future 47 U.S.C. §227(c)(5)(A).

57.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### Second Cause Of Action
### Knowing and/or Willful Violations Of The Telephone Consumer Protection Act

12

(47 U.S.C. § 227)

58.     Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

59.     The foregoing acts and omissions of Defendant constitute numerous and multiple willful violations of the TCPA, and specifically, 47 U.S.C. §227(c), as further defined at C.F.R. § 64.1200(c), (d), and (e).

60.     At all times, Defendant knew that it was telemarketing to Plaintiff and the Class members without regard to whether the call recipients' numbers were on the National Do-Not-Call registry, and in spite of requests to be removed from the telemarketing list, as evidenced by Defendant providing a spoofed name on the caller ID in order to mask its illegal conduct.

61.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), (d), and (e), Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation.

62.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future pursuant 47 U.S.C. §227(c)(5)(A).

63.     Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

## First Cause of Action for Negligent Violation of the TCPA

1.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks $500.00 (five-hundred dollars) in statutory damages, for each and every violation against him and every Class member;

2.     Injunctive relief prohibiting such conduct in the future;

3.     An award of attorneys' fees and costs paid from the common fund provided for the Class;

13

4.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyer and law firm representing Plaintiff as counsel for the Class; and

5.      Any other relief the Court may deem just and proper.

### Second Cause of Action for Knowing and/or Willful Violation of the TCPA

1.      As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(c), Plaintiff seeks treble damages, as provided by statute, of $1,500.00 (one-thousand-five-hundred dollars) for each and every violation against him and every Class member;

2.      Injunctive relief prohibiting such conduct in the future;

3.      An award of attorneys' fees and costs paid from the common fund provided for the Class;

4.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyer and law firm representing Plaintiff as counsel for the Class; and

5.      Any other relief the Court may deem just and proper.

### Trial By Jury Demanded

Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all counts so triable.

Date: December 16, 2015          **LAW OFFICES OF KIRA M. RUBEL**

____/s/ Kira M. Rubel_____
By: Kira M. Rubel, Esq.
*Attorney for Representative Plaintiff Steven Waterbury*

14

EXHIBIT "A"

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday
mornings. Results reflect work processed through Tuesday, October 27, 2015.
Please refer to Processing Times for the received dates of filings currently
being processed. The data provided is not a complete or certified record of an
entity.

| | |
|---|---|
| Entity Name: | HT-TECH REMODELING, GROUP, INC.* |
| Entity Number: | C3582050 |
| Date Filed: | 06/26/2013 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 23679 CALABASAS RD STE 1101 |
| Entity City, State, Zip: | CALABASAS CA 91302 |
| Agent for Service of Process: | OFIR MAIMOM |
| Agent Address: | 23679 CALABASAS RD STE 1101 |
| Agent City, State, Zip: | CALABASAS CA 91302 |

\* Indicates the information is not contained in the California Secretary of
State's database.

- If the status of the corporation is "Surrender," the agent for service of
  process is automatically revoked. Please refer to California Corporations
  Code section 2114 for information relating to service upon corporations that
  have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status
  reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field
  Descriptions and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2015   California Secretary of State